# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAUL M. RODRIGUEZ O/B/O
VICTORIA RODRIGUEZ,

      Plaintiff,

vs.                                             Civil Action No. 98-0670 LH/RLP

KENNETH S. APFEL,
**Commissioner of Social Security
Administration,**

      Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT.[1]

1.     This matter comes before the Court on Plaintiff's Motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA" herein)(**Docket No. 21**), and Defendant's objection thereto. (**Docket No. 23**).

2.     Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." §28 U.S.C. 2412(d)(1)(A). The "position of the United States" is defined by statute to include those actions taken at the agency level upon which the civil action is based as well as the position assumed during the civil action. §28 U.S.C. 2412(d)(2)(D). Social security disability review cases are covered under EAJA. <u>Martinez v. Secretary of Health & Human Services</u>, 815 F.2d 1381, 1382 (10th Cir.1987).

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

3. The Commissioner has the burden of showing his position was substantially justified. Weakley v. Bowen, 803 F.2d 575, 577 (10th Cir.1986). "Substantially justified" does not mean "justified to a high degree," but rather " 'justified in substance or in the main'--that is, justified to a degree that could satisfy reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Stated another way, the Commissioner must show his position had a "reasonable basis in law and fact." Id. The reasonableness test has three criteria: (1) a reasonable basis for factual allegations; (2) a reasonable legal theory; and (3) a reasonable factual support for the legal theory advanced. Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir.1988).

4. The Tenth Circuit has adopted the majority rule that the lack of substantial evidence on the merits does not automatically equate with no substantial justification. Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir.1988). Though "substantial evidence" and a "substantially justified" position are not synonymous in meaning, the lack of the former is indicative of an absence of the latter. Id. Whether the Commissioner's position is substantially justified is a determination made from the entire record, judicial and administrative. §28 U.S.C. 2412(d)(1)(B).

5. Plaintiff seeks fees in the amount of $2,406.02, asserting that the Administrative Law Judge and the Appeals Council were not substantially justified in denying Plaintiff's claim because neither properly analyzed Victoria Rodriguez' impairment in communicative functioning. Defendant objects, stating that the denial of Plaintiff's claim was substantially justified, having a reasonable basis in law and fact.

6. As previously noted, in bringing the substantive issues before this Court, the Parties consented

to review of an issue never before the ALJ[2], and therefore not addressed by him, supported by evidence submitted only to the Appeals Council, which was considered but not commented upon by the Appeals Council. (See Docket No. 17, ¶3).

7. Defendant concedes that Victoria Rodriguez has diagnosed deficits in communicative functioning, but maintains that it was reasonable for the ALJ to conclude that she did not have the extreme degree of limitation necessary to establish a listed childhood impairment. (Docket No. 23 p. 8).

8. Pursuant to 20 C.F.R. §416.926a(b)(2), an "extreme" limitation in one area of development of functioning is the functional equivalent of a listed impairment. Pursuant to 20 C.F.R. §416.926a(c)(3)(ii)(A), a child of Victoria's age demonstrates "extreme" limitation when standardized testing used to measure functional ability demonstrates a valid score that is three standard deviations or more below the norm for the test.

9. In assessing Victoria Rodriquez' communicative functioning, the ALJ had available to him the evaluation of a speech and language pathologist conducted on November 20, 1993, when she was in the 2nd grade, and which did not attempt to express results in terms of standard deviations below the norm. (Tr. 82-88). In view of the evidence before him, I find that the ALJ was substantially justified in his finding that Plaintiff had not established a disability.

10. The Appeals Council, however, had before it new and material evidence, the October 1996 report of Dr. Campbell. This report included results of standardized testing indicating certain communicative functioning deficits measuring three standard deviations or more below the norm for

---

[2]Whether Victoria Rodriguez's impairment met the criteria for a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App. 1, §112.02, describing abnormalities in perception, cognition, affect or behavior associated with dysfunction of the brain.

the test.  The Appeals Council did not discuss this evidence.  The Appeals Council is required to evaluate new and material evidence submitted to it.  20 C.F.R. §404.970(b); O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  The Appeals Council is required to discuss uncontroverted evidence it chooses not to rely upon, as well as significantly probative evidence it rejects.  See Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  In the absence of such a discussion, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.  I find that there is no substantial justification excusing the Appeals Council's failure to discuss new and material evidence submitted to it.

11. Accordingly, I recommend that Plaintiff be awarded attorney's fees in the amount of $2,406.02, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

_____
Richard L. Puglisi
United States Magistrate Judge